UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONISETH CASTANEDA ESTRADA,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-3192

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

**I. Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.15–16.) In an order entered on November 9, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus

should not be granted. (Order, ECF No. 3.) Respondents filed their response and a recording of the October 23, 2026, bond hearing on November 13, 2026, (Resp., ECF No. 4; Recording of Oct. 23, 2026, Bond Hearing, filed on Nov. 13, 2026), and Petitioner filed his reply on November 19, 2026, (ECF No. 5).

## II. Relevant Factual Background

Petitioner is a citizen of Mexico who entered the United States in 2023. (Pet., ECF No. 1, PageID.6.) On September 8, 2026, Petitioner was arrested by ICE. (*Id.*, PageID.7.)

On September 18, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Castaneda Estrada v. Raycraft* (*Castaneda Estrada I*), No. 1:26-cv-2696 (W.D. Mich.). In *Castaneda Estrada I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Castaneda Estrada I*, (W.D. Mich. Oct. 16, 2026), (ECF Nos. 8, 9).

On October 23, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Order Immigration Judge, ECF No. 4-1, PageID.40.) At the conclusion of the October 23, 2026, hearing, the immigration judge denied Petitioner's request for bond because Petitioner "failed to show he is not a flight risk." (*Id.*)

## III. Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-*

*Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV. Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**<u>Conclusion</u>**

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: November 20, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge